UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

                                                                                    13 CR 339 (RPP)

     -against-

                                                                                     **OPINION & ORDER**

DAVID RILEY and MATTHEW TEEPLE,

                          Defendants.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

In an Opinion and Order on January 29, 2014, the Court denied a motion to transfer the above-captioned case from the Southern District of New York to the Northern District of California, finding that Defendants David Riley and Defendant Matthew Teeple had not met their burden to prove a need for transfer. (See Op. & Order as to David Riley, Matthew Teeple ("Op. & Order"), ECF No. 59.) On February 12, 2014, Mr. Riley submitted a motion for reconsideration of the Court's denial of the Defendants' transfer motion. (Mem. of Law in Supp. of Mot. for Reconsideration ("Riley Mot."), ECF No. 62.) He argues that the Court's Opinion gives "insufficient weight to the financial and familial hardship on Mr. Riley and his family of a trial in New York and gives too much weight to what the Court considered to be 'delay' in making the transfer motion." (Id.)

Neither the Federal Rules of Criminal Procedure, nor the Local Criminal Rules of the United States District Courts for the Southern and Eastern Districts of New York, expressly provide for reconsideration motions. United States v. Yannotti, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006). However, "motions for reconsideration in criminal cases have traditionally been allowed within the Second Circuit," and district courts have applied the standard found in

1

Local Civil Rule 6.3, which authorizes a party to apply to the court for reconsideration of an order that resolved a motion. Id. at 389.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided," id., and a party moving for reconsideration "may not advance new facts, issues or arguments not previously presented to the Court." Hamilton v. Garlock, Inc., 115 F. Supp. 2d 437, 439 (S.D.N.Y. 2000) (internal citation and quotation omitted). "The decision to grant or deny the motion is within the sound discretion of the district court. Id.

In this case, Mr. Riley does not point to any controlling decisions that the Court overlooked in deciding the Defendants' transfer motion. Instead, Mr. Riley argues again that "[h]is net assets are quite modest," and that the "very significant costs of bringing witnesses to New York, and the costs of Mr. Riley's extended stay in New York for preparation and trial" may cause him and his family to "go broke defending himself in this case in New York."[1] (Riley Mot. at 2-3.) Mr. Riley also argues that the Court, in denying the transfer motion, relied too heavily on the Defendants' delay in submitting its initial motion for transfer. (Id. at 4-5.)

Mr. Riley also submits new factual information for the Court to consider, submitting that "Counsel recently has learned that [Mr. Riley's wife] has been under physician's care for some time and suffers from 'severe, recurrent major depression.'" (Id.; see also Letter from Dr.

---

[1] As he also argued in his initial transfer motion, Mr. Riley states in his motion for reconsideration that he has net assets of approximately $500,000, which are not all liquid. (Riley Mot. at 2.) He has not made an application for Criminal Justice Act (CJA) counsel, and he has not argued that he is financially incapable of funding his defense.

2

Caroline Cribari dated April 11, 2013, John F. Kaley Affirmation at Ex. 2, ECF No. 61).) Counsel for Mr. Riley states that "[w]ithout Mr. Riley in California for an extended period, Mrs. Riley will be without Mr. Riley's daily emotional support and presence, which are much needed given her illness." (Riley Mot. at 3.) Counsel for Mr. Riley further submits that this information was not included in the initial transfer motion because "Counsel was unaware of the nature and severity of Mrs. Riley's depression at the time of the making of the initial transfer request," and states that "[i]t is not uncommon for people to want to keep some delicate parts of their life private." (Id. at 3-4.)

The Court is sympathetic to the issues raised in Mr. Riley's motion for reconsideration, and to the reason Mr. Riley's wife's illness was not referenced in the initial transfer motion. However, the standard for granting a reconsideration motions requires the moving party to demonstrate that key facts or controlling law, put before the court previously, were overlooked by the court. See Slinin v. Gershkovich, No. 08 CV 4148 (KNF), 2009 WL 72615, at *2 (S.D.N.Y. Jan. 7, 2009). In this case, the standard is not met.

First, the Court is not permitted to consider new facts in support of the transfer motion, not put before the Court in the initial transfer motion, in support of Mr. Riley's motion for reconsideration. See id.; Hamilton, 115 F. Supp. 2d at 438-39 ("Local Rule 6.3 is to be narrowly construed and strictly applied . . . a party may not advance new facts, issues or arguments not previously presented to the Court."). Even if the Court were to consider new facts related to Mrs. Riley's illness, the facts do not show that transfer is warranted in this case, as many courts in this Circuit have declined to grant transfer in similar factual situations. See United States v. Wilson, No. 01 CR 53 (DLC), 2001 WL 798018, at *3 (S.D.N.Y. July 13, 2001) (denying transfer motion in spite of personal impact of denial on defendant, whose wife suffered from

medical problems; noting that "[e]very life is significantly disrupted by a trial wherever it is held"). In this case, the Court must balance the personal impact of trial in New York on Mr. Riley and his family against other factors outlined in Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964), including the impact on the Defendants of the further delay that would result if the case were transferred to California.

The other arguments advanced by Mr. Riley in this motion for reconsideration—regarding the financial burden of trial in New York for Mr. Riley and the timing of the motion—were considered in the Court's January 29, 2014 Opinion and Order (see Op. & Order at 4-12), and Mr. Riley does not point to any controlling law that the Court overlooked in its analysis of these factors.

For these reasons, Mr. Riley's motion for reconsideration of the Court's denial of the Defendants' transfer motion must be denied, and the case is to remain in the Southern District of New York. Trial is set to take place before this Court on April 23, 2014 at 9:30 a.m. The Government's case is expected to take approximately two weeks (see Tr. of Proceedings on Dec. 4, 2013 at 95, ECF No. 51), and the Court will sit five days a week in order to allow the trial to be completed as expediently as possible.

IT IS SO ORDERED.

Dated: New York, New York
February 27, 2014

    __s/s_____
    Robert P. Patterson, Jr.
    U.S.D.J.

**Copies of this opinion and order were sent to:**

**Eric Brendan Bruce**
Kobre & Kim LLP
800 Third Avenue

New York, NY 10022
(212) 488-1203
Fax: (212) 488-1220
Email: eric.bruce@kobrekim.com

**John Francis Kaley**
Doar, Rieck, Kaley & Mack
217 Broadway
Suite 707
New York, NY 10007-2911
(212) 619-3730
Fax: (212) 962-5037
Email: jkaley@doarlaw.com

**Matthew I. Menchel**
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022
(212) 488-1208
Fax: (212) 488-1208
Email: matthew.menchel@kobrekim.com

**Joshua Lawrence Ray**
Kobre & Kim LLP
800 Third Avenue
6th Floor
New York, NY 10022
(212)-488-4939
Fax: (212)-488-1220
Email: joshua.ray@kobrekim.com

**Steve C. Lee**
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2413
Fax: (212)-637-2527
Email: steve.lee@usdoj.gov

**Telemachus Philip Kasulis**
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2411
Fax: (212)-637-2527
Email: telemachus.kasulis@usdoj.gov